**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4486**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

WILLIAM RAY WOOTEN,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00013-RJC-1)

───────────

Submitted: February 28, 2011      Decided: March 7, 2011

───────────

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Claire J. Rauscher, Executive Director, Ann L. Hester, Cecilia Oseguera, Assistant Federal Defenders, Charlotte, North Carolina, Fredilyn Sison, Assistant Federal Defender, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ray Wooten was found guilty of armed robbery, and in committing that offense forced an individual to accompany him without consent, in violation of 18 U.S.C. § 2113(a), (d), and (e) (2006), using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(C)(i) (2006), and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). Wooten now appeals, claiming that the district court erred in precluding him from impeaching Government witness Mark Bradley with evidence of Bradley's two prior convictions, both of which occurred over twenty years ago.

We review a district court's evidentiary rulings for abuse of discretion. See United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008). Federal Rule of Evidence 609 allows a party to impeach a witness with prior felony convictions under certain circumstances. Fed. R. Evid. 609(a)(1). However, "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect."

We have reviewed the record and find that the district court did not abuse its discretion in excluding evidence of

2

Bradley's prior convictions. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED